Ewing, C. J.
After the names of the parties, and the sfyie of action, the following entry was made by the justice on his docket, as appears by the transcript returned, with the certiorari s “This action was entered on by the consent of the parties.” Then follow a confession by the defendant, and a judgment for the amount confessed, with costs. Iu answer to a rule, the justice has certified that the defendant only, not the plaintiff appeared before him; that he said he had been to the plaintiff, and on settlement had fallen in his debt, for which they had agreed he was to confess a judgment; that he gave to the justice an instrument of writing signed by the plaintiff which is in the ordinary form of a state of demand, with a note at the ibo-u.m that the defendant agreed to confess judgment before the justice for the above stated demand, with costsj and lb© justice says, shat on his acquaintance with the hand-writing of *303 s'he plaintiff anti on the confession of iho defendant, be «378 jadgra ni»
This proceeding is entirely too loose ami irregular to be ffljppor'.ed. The statute provides that !l whore punios agree 1© entot’s without pieces;, an u-tioo fco'Viu; a justice (Í the pcsico,” he shall proceed thereon. To make tins agreement manifest before the justice, tito plaiutiíij us well as the defund.i/i!, &h< uld apper-r, or gome person on behalf of the phmtjfF having corapotent «utnority ; and such authority should he verified before She justice. The defendant ran. with no propriety, become tha ¡representative of the plaintiff, more especially to communicate to the justice the agreement of the parties for the entry of am action, Snob a procedure 'would ho opon to the most dangerous abase. A creditor might find n judgment in his favour, without his knowledge, for only the half of his demand, which would cost him the oilier half to annul, by loga! measures. Nor could the writing, which the defendant delivered to the justice, servo the place of a proper representative of the plaieti/U it imys perhaps, bo too severe a criticism to say, it contains no agree» merit for the entry of am action. But if it were, in this ;-¡-et of the most full and formal character, the justice' should not have received off acted upon it Neither his belief that the paper was the hand-writing of the plaintiff, cor the assurance of the defendant was a lega! verification 5 and oven if verified, such a paper was not a proper authority for the entry of an action, am’ a compliance with any eonsiraefieti which can safely be given to the sis to to.
The action, therefore, was entered without legal authority. A confession of judgment cannot be mafia in a justices* court,, as has been several- times decided, unless an action is depending there,
We have had some hesitation in yielding to she reversal of inis judgment, at the instance of the party, or rather the administrators of the party, for the defendant, since the judgment has departed this life, on whose representation it was rendered. We are povsuadod, however, that greater mischiefs would result from giving sanction to such illegality; and the duty of the justice certainly ¡required him to have ¡re.for.ed to enter the notion.
Judgment reversed.